United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| ROBERT C. LEITER, | ) | Appeal from the United States |
| | ) | Bankruptcy Court, Northern District |
| Appellant-Plaintiff, | ) | of Indiana, South Bend Division |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-252 JVB |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| ENVIRONMENTAL MANAGEMENT, | ) | |
| | ) | Bankruptcy Case No. 03-34726 |
| Appellee-Defendant. | ) | Adversary Proceeding No. 06-3037 |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff-Appellant Robert C. Leiter's Second Notice of Appeal regarding Adversary Proceeding Number 06-3037, and his motion to consolidate this appeal with the appeal filed as Case Number 3:07-CV-211. For the reasons set forth below, the Notice of Appeal is **DISMISSED** and this matter is **REMANDED** to the bankruptcy court for further proceedings.

**BACKGROUND**

Plaintiff-Appellant Robert Leiter and Defendant-Appellee Indiana Department of Environmental Management ("IDEM") are engaged in a dispute regarding a mitigation project for a parcel of land in near Warsaw, Indiana. In 1995 IDEM issued a Water Quality Certification for Leiter's proposed development of the Warsaw land. The Certification was contingent on Leiter's implementation of a mitigation project to compensate for the impact his development would have on a half-acre of wetlands located on the property. In 1998, IDEM learned that Leiter had impacted the wetlands but had not implemented the mitigation project. In 2001

IDEM issued a Notice of Violation under Indiana Code § 13-30-3-3.

In 2003 Leiter filed a voluntary Chapter 7 bankruptcy petition. He listed IDEM on Schedule E as a creditor with a contingent, unliquidated, disputed administrative claim. IDEM did not file a proof of claim. Leiter was discharged on December 1, 2003. The bankruptcy case was closed on January 19, 2004. On June 1, 2005, IDEM issued a Notice and Order requiring Leiter to construct new wetlands and to monitor them over a period of years. Leiter filed a petition for administrative review of the IDEM Order. In the administrative proceedings he maintained that the IDEM Order violated his bankruptcy discharge.

In March 2006, the bankruptcy court reopened the bankruptcy case on Leiter's motion. Leiter then filed a Complaint for Violation of Bankruptcy Discharge (Adversary Proceeding No. 06-3037) alleging that IDEM violated the bankruptcy discharge, that its mitigation contingency was invalid, that the statute of limitations on IDEM's demand had expired, and that no discernible environmental harm had occurred. On September 18, 2006, Leiter filed his Motion for Partial Summary Judgment on Liability, asserting that IDEM's demand that he restore wetlands did not survive his bankruptcy discharge, and seeking compensation for some $30,000 in costs allegedly incurred as a result of IDEM's violation of his discharge. IDEM did not file a cross-motion for summary judgment.

The bankruptcy court denied Leiter's motion and issued a Memorandum of Decision on March 30, 2007. The bankruptcy judge concluded that IDEM had not violated the discharge injunction of 11 U.S.C. § 524(a)(2) and that such conclusion disposed of the remaining issues raised in Leiter's Motion for Partial Summary Judgment. The bankruptcy court advised that further proceedings in the matter would be scheduled by separate order. Also on March 30, the

2

bankruptcy court entered judgment denying the Motion.  Leiter, concerned that the March 30 decision might be a final, appealable order, filed a Notice of Appeal from the Memorandum of Decision on April 13, 2007, which was docketed in the District Court as Case No. 3:07-CV-211.

The bankruptcy court conducted a telephonic status conference on May 2, 2007, during which it learned that a Notice of Appeal had been filed concerning the March 30 Order.  On May 3, 2007, the bankruptcy court issued statement in which the court noted the filing of the Notice of Appeal  and concluded that the Notice had divested it of jurisdiction.

On May 13, 2007, Leiter filed His Second Notice of Appeal, purportedly appealing the bankruptcy court's May 3 statement. The second appeal was docketed in this Court as Case No. 3:07-CV-252 and is the subject of this Opinion and Order.  On June 18, 2007, Leiter filed his appellate brief and a motion to consolidate Case No. 252 with Case No. 211.  The brief and motion were identified in their captions as both Case No. 3:07-CV-211 and 3:07-CV-252, but were filed only in No. 252.  On July 3, 2007, IDEM filed its  appellee's brief. Leiter filed a reply on July 13, 2007, and a supplement to the reply on August 21, 2007. Both case numbers appear on IDEM's brief, the reply, and the supplement although all three were filed only in Case No. 211.[1]

On February 7, 2008, this Court issued an order dismissing the Notice of Appeal in Case No.3:07-CV-211 for lack of jurisdiction because the Notice of Appeal was untimely.

## DISCUSSION

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final

---

[1] This Court has since ordered the Clerk of the Court to docket in this case all documents bearing both case numbers that were filed only in Case No. 211.

judgments, orders, and decrees of the bankruptcy court, and, when leave of the district court is granted, from interlocutory orders and decrees. Federal Rule of Bankruptcy Procedure 8003(c) provides that if a motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court may grant leave to appeal, or direct that a motion for leave to appeal be filed. The district court may also deny leave to appeal, but must consider the timely notice of appeal as a motion for leave to appeal.

While Leiter's Second Notice of Appeal purports to appeal the bankruptcy court's statement of May 3, 2007, it is in fact a second attempt at an interlocutory appeal of the bankruptcy court's Order of March 30, 2007. As noted above, this Court has dismissed the first Notice of Appeal as untimely. Nothing of significance has happened in the bankruptcy court since the March 30 Order was entered. The May 3 statement was not a final order terminating the litigation between the parties, but simply an acknowledgment that the bankruptcy court had no jurisdiction while the Notice of Appeal filed on April 13, 2007, in Case No. 211 was pending.

This Court concludes that it has no jurisdiction over the Second Notice of Appeal because it was filed on May 30, 2007, more than ten days after the entry of the March 30, 2007 Order and Judgment. *See Matter of Peterson,* No. 96-3462, 1997 WL 375011 (7th Cir. 1997), citing *In re Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 689 (7th Cir. 1992). When the adversary proceeding in bankruptcy court is terminated by appropriate order of the bankruptcy court an appeal will lie from the final judgment.

**CONCLUSION**

For the foregoing reasons, Plaintiff-Appellant Leiter's Second Notice of Appeal

4

regarding Adversary Proceeding No. 06-3037, Case No.03-34726, is **DISMISSED** and the matter is **REMANDED** to the bankruptcy court for further proceedings.

SO ORDERED on February 11, 2008.

 s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division